1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

UNITED STATES OF AMERICA,

11

Plaintiff,

12

vs.

DANNY SHAW,

13

Defendant.

14

CASE NO. 14cr3550 JM

ORDER GRANTING MOTION TO
REVOKE DETENTION ORDER

15
16
17
18
19
20
21
22
23
24

Defendant Danny Shaw, pursuant to 18 U.S.C. §3145(b), moves to revoke the magistrate judge's order of detention and to set bond.  The Government opposes the motion.  Having carefully considered the matter presented, the court docket, pertinent legal authorities, and the arguments of counsel, the court grants the motion to revoke the detention order.  The court refers the matter to Magistrate Judge Crawford to set the conditions of release.  The conditions of release shall include, at a minimum, GPS monitoring, home detention at Defendant's mother's residence, monitoring by Pretrial Services, and the imposition of an adequate bond. The matter is remanded to Magistrate Judge Crawford to conduct a surety examination, the setting of a bond, and the imposition of the standard conditions of release.

25

**BACKGROUND**

26

The Present Offense

27
28

On December 9, 2014, Defendant was charged in an Information with a single count of possession of images of minors engaged in sexually explicit conduct in

violation of 18 U.S.C. §2252(a)(4)(B).  Also on December 9, 2014, Defendant filed a Waiver of Indictment. (Ct. Dkt. 14).  Defendant was arrested on the present charge on October 31, 2014, following completion of his state custodial sentence for failing to register as a sex offender.

Defendant's  October 31, 2013 arrest on the failing to register charge occurred during a Halloween event where Defendant accompanied his minor nephew to a trick-or-treat event in Ramona, California.  At the event, some parents declined Defendant's offer of candy on behalf of their children.  Defendant then surreptitiously placed candy in one child's bag even though the child's father had declined Defendant's offer.  One of the parents at the event noticed Defendant's conduct and notified the San Diego's Sheriff's department.

Defendant was then arrested and subsequently convicted for failure to register as a sex offender.  Defendant served about one year in state custody.  At the time of Defendant's arrest, the officers seized a cell phone and computer.  Officers obtained a search warrant and discovered images of child pornography on the cell phone.  In October 2014, two days before his release from the state prison facility, Defendant was interviewed by federal agents.  He told the agents that individuals sent him the child pornography.  He admitted to having a fantasy about having sex with a teenage girl.  He also told the agents that he knew the difference between fantasy and reality and would never act on his fantasy.

Defendant was arrested for the instant offense while still in state custody.  On October 31, 2014, a Complaint was filed against Defendant. (Ct. Dkt. 1).

Defendant's Characteristics and His Criminal History

Defendant is presently 30 years old, born and raised in California.  Since Defendant graduated from Mira Mesa High School in 2003, he has lived in the states of California and Oregon.  Since 2012, Defendant has lived with his mother and step-father in Yucca Valley, California.  Defendant does not have a substance abuse problem and has never failed to appear in court.  Defendant also does not have a

passport or a driver's license.

In 2003, while living in Oregon, Defendant was convicted of attempted sexual abuse of a minor in Oregon.  It does not appear that he served any custodial sentence for this conviction.  (The record is ambiguous on the circumstances of this conviction.)  The factual basis for this crime indicates that he followed three 12 year old girls home and "was accused of touching one of the girls' buttocks and another girl on the waist and shoulders, and then tying a slipknot in a small cord, using it as a leash to control the movements of that girl, calling her 'his little demon.'" (RT 12:8-12).  "He also reportedly made repeated comments about his interest in the devil, sex and told the girls that he would, quote, put them down if they tried to run from him."  (RT 12:13-15).

In 2005, Defendant was convicted of failing to register as a sex offender in San Diego.  Apparently, he did not serve any time related to this conviction but was brought to Oregon where his probation was violated in the 2003 Oregon case.  Defendant was sentenced to about 31/2 years in custody for the violation.  In 2013, Defendant, as set forth above, was again convicted of failure to register as a sex offender and sentenced to about one year in custody.

The Central District Proceedings

Defendant was arrested on the present possession of child pornography charges while in state custody in the Central District of California on the second failure to register as a sex offender charges.  He made an initial appearance on November 4, 2014 and a detention hearing was held on November 6, 2014, before Magistrate Judge Kenly Kiya Kato.  Magistrate Judge Kato found that no combination of conditions would reasonably assure the safety of the community, detained Defendant without bail, and ordered his removal to the Southern District of California.  The form detention order also erroneously stated that Defendant failed to rebut the statutory presumption for detention.  The parties agree that Defendant is not subject to the presumption of detention.

The Detention Hearing Before Magistrate Judge Crawford

At the December 9, 2014 detention hearing before Magistrate Judge Crawford, she found Defendant to be a danger to the community and declined to modify Judge Kato's detention order. Defendant sought bail with GPS monitoring, home detention, and the housing of Defendant with his mother and stepfather. Defendant also requested that the court impose a $45,000 bond (the mother and stepfather's net worth) secured by the stepfather's signature and a 10% cash deposit. The Government argued that Defendant was both a flight risk and danger to the community.

## DISCUSSION

Legal Standards

"The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." Id. "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." Id.

18 U.S.C. § 3142(g) specifies the factors the court must consider in determining whether any conditions of release will reasonably assure the appearance of the person and the safety of the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, any record concerning appearance at court proceedings, and whether at the time of the offense the person was on probation or parole; and (4) the nature and

seriousness of the danger to any person or the community that would be posed by the defendant's release.  See id. § 3142(g).  "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt."  Gebro, 948 F.2d at 1121.

A magistrate judge's detention rulings are subject to de novo review by the district court.  See United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).  The district court has original jurisdiction over the charged felonies and is, therefore, not exercising appellate jurisdiction over the magistrate judge's decision.  See id. at 1191. But the district court is not required to start over from scratch.  See id. at 1193.  The district court should review the evidence presented to the magistrate judge and make its own independent determination.  See id.  The district court may also hold an evidentiary hearing.  See id.  "However, there is no requirement of live testimony by the government at a detention hearing."  United States v. Cabrera-Ortigoza, 196 F.R.D. 571, 574 (S.D. Cal. 2000).  At a detention hearing, the government and defendant may both proceed "by proffer or hearsay."  United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986) (per curiam); see also Cabrera-Ortigoza, 196 F.R.D. at 573–74; 9B Federal Procedure, Lawyers Edition § 22:1852 (2014).  "The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early discovery expedition[,] further facilitates those goals."  Cabrera-Ortigoza, 196 F.R.D. at 575–76.  If there is a question as to the accuracy of a proffer, the court "is authorized to reconcile the demand for speed in these proceedings and the reliability of the evidence by selectively insisting on the production of evidentiary sources."  United States v. Terrones, 712 F. Supp. 786, 791 (S.D. Cal. 1989).  But, "absent something credible to challenge the reliability or correctness of the government's proffer, the Court need not compel live witnesses to testify."  Cabrera-Ortigoza, 196 F.R.D. at 575.

## DISCUSSION

The court has reviewed the court docket, the transcript of the December 9, 2014

1  hearing before Magistrate Judge Crawford, the parties' submissions and evidence, and
2  the statements made at the January 12, 2014 hearing on the motion to revoke.  As set
3  forth below, based on those materials and the considerations required by the Bail
4  Reform Act, the court finds that the government has failed to show by clear and
5  convincing evidence that Defendant is a risk of danger to the community.  The court
6  concludes that the imposition of stringent conditions of release can reasonably assure
7  Defendant's presence at future proceedings in this matter and ensure the safety of the
8  community.

9       The Detention Order is based upon the following findings: (1) Defendant's
10  admission that he has fantasies about having sex with teenage girls, (2) his failure to
11  register as a sex offender and his 2003 conviction for attempted sexual abuse, (3) his
12  willingness to be around children at a Halloween event because this shows a tendency
13  to be around children which presents a "danger to the community because of his
14  fascination with young girls," and (4) if released, Defendant may continue to
15  disseminate child pornography.  (RT 16:14-17).

16       The following analysis applies the 18 U.S.C. § 3142(g) factors to determine
17  whether any conditions of release will reasonably assure the appearance of Defendant
18  and the safety of the community

19  The Nature and Circumstances of the Offense Charged

20       Defendant is charged with the possession of child pornography (three
21  photographs were found on Defendant's cell phone).  Defendant did not take the
22  pictures.  He received them, either as a text or email.  There is no proffered evidence
23  that his computer had any photographs depicting child pornography.

24  The Weight of the Evidence Against the Defendant

25       There is strong evidence that Defendant possessed child pornographic images
26  on his cell phone.

27  Defendant's Characteristics

28       There is no proffered evidence of Defendant's physical or mental health.  He has

ostensibly strong ties to his mother and stepfather, it is unknown whether Defendant was employed, and it appears that he has meager financial resources.  He has lived in Southern California for most of his life and he has no identified substance abuse issues. His criminal history consists of a conviction for attempted child sexual abuse and two convictions for failure to register as a sex offender.   Apparently, Defendant has never skipped any court appearance.  He also does not possess a passport or driver's license. The Nature and Seriousness of the Danger to Any Person in the Community That Would Be Posed by the Defendant's Release

The underlying conviction for attempted child sexual abuse involves Defendant touching the clothed buttocks of one teenage girl and the shoulder of another.  The crime occurred at a time when Defendant was himself a teenager at age 18 or 19. While such conduct is serious, inappropriate, and criminal, the conduct is relatively minor when contrasted to individuals who engage in sexual touching, intercourse, or related behaviors with young teenage girls.

Defendant has also demonstrated a disregard of the law by failing to register as a sex offender on two separate occasions. While Defendant has had sexual fantasies involving young teenage girls, he also told the federal agents that he knows the difference between fantasy and reality.  Defendant's acknowledgment of the difference between fantasy and reality undermines the inference that the fantasies make him a danger to the community.  Similarly, the  fact that Defendant wanted to be around children at the Halloween party, without more, does not demonstrate he posed a threat to children.  Defendant placed candy in a Halloween bag.  He did not grope or otherwise touch the children.

The Imposition of Conditions of Release

While an analysis of pertinent factors may reasonably allow one to speculate whether Defendant may present a danger to the community, the applicable standard is the clear and convincing standard.  18 U.S.C. §3142(f).  The evidentiary record does not establish, by clear and convincing evidence, that the defendant poses a danger to

14cr3550

1  the community when adequate and stringent conditions of release are imposed.
2  Furthermore, doubts concerning bail should be construed in Defendant's favor. "Only
3  in rare circumstances should release be denied, and doubts regarding the propriety of
4  release should be resolved in the defendant's favor."  Gebro, 948 F.2d at 1121.

5         The court is not unmindful of Defendant's past failure to register as a sex
6  offender, the circumstances of his 2003 conviction, his bizarre insistence to provide
7  candy to children at the Halloween event, and his admitted sexual fantasizing.
8  Balanced against these considerations, however, are the age of the 2003 conviction, no
9  reported history of sexual misbehavior since, an absence of any failure to appear in
10  court over a period in excess of ten years, and the availability of conditions to control
11  Defendant and to assure his presence for further proceedings.

12        Here, the court concludes that the imposition of GPS monitoring, home detention
13  at his mother's residence, monitoring by Pretrial Services, and the imposition of an
14  adequate bond are sufficient conditions to assure community safety.

15        In sum, the court grants the motion to revoke the detention order and refers the
16  matter to Magistrate Judge Crawford to conduct an examination of the surety and to
17  impose conditions of release.  The conditions of release shall, at a minimum, include
18  GPS monitoring, home detention at his mother's residence, monitoring by Pretrial
19  Services, and the imposition of an adequate bond.

20        **IT IS SO ORDERED.**

21  DATED:  January 15, 2015

22

23                                              _____
                                                Hon. Jeffrey T. Miller
24  cc:        All parties                      United States District Judge

25

26

27

28

- 8 -                                                         14cr3550